THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THOMAS BHURIYA<br>Flat Midorigaoka 103<br>4-1-4 Shibuya<br>Shibuya-Ku<br>Tokyo, Japan 150-0002 Japan<br><br>      Plaintiff,<br><br>v.<br><br>TEIKURO CORPORATION<br>c/o Agent, Cogency Global, Inc.<br>3958-D Brown Park Drive<br>Hilliard, OH 43026<br><br>      Defendant. | CASE NO. 3:21-cv-74<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**Jury Demand Endorsed Herein** |

## COMPLAINT

NOW COMES Plaintiff Thomas Bhuriya ("Plaintiff") and proffers this Complaint for damages against Defendant Teikuro Corporation ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. Chapter 4111.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

3. Venue is proper pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio, Plaintiff performed his job duties there, and Defendant is doing and has done substantial business in the Southern District of Ohio.

4. Specifically, Plaintiff worked in Defendant's facility in Springfield, Ohio, located in Clark County.

5. Plaintiff was an "employee" as defined in Chapter 4111 of the Ohio Revised Code, and the Fair Labor Standards Act.

6. Defendant is an "employer" as defined in Chapter 4111 of the Ohio Revised Code, and the Fair Labor Standards Act.

## THE PARTIES

7. Plaintiff is a natural person residing in Tokyo, Japan.  At all times relevant to his claims in this lawsuit, he lived in Beavercreek, Ohio, while performing work for Defendant.  Plaintiff recently relocated to Tokyo in or around December of 2020.

8. Defendant Teikuro is a corporation doing substantial business in the State of Ohio.

9. Defendant conducts business in the Southern District of Ohio and employed Plaintiff in the Southern District of Ohio.

## FACTUAL BACKGROUND

10. Plaintiff began working for Defendant in September 2006.

11. Plaintiff worked for Defendant in Japan until he moved to the United States to work in January of 2015.

12. Plaintiff arrived in the United States with his family on a L-1A visa for Intracompany Transferee Executive or Manager in 2015 after Defendant successfully petitioned on his behalf with the United States Citizenship and Immigration Services (USCIS).

13. He was permitted to live and work in the United States in the L-1A status for initially three years that was later extended when Defendant petitioned again in 2017 to the USCIS for another three years. His family was given L-2 dependent visa status for the same periods.

14. Subsequently, in 2019, Defendant petitioned to USCIS for Plaintiff's employment-based permanent resident status, or colloquially "green card", by submitting an I-140 Immigrant Petition for Alien Workers ("I-140").

15. The I-140 was approved in September 2019, which would have enabled Plaintiff to apply for U.S. permanent residency as soon as an immigrant visa number became available.

16. Plaintiff was born in India, and traditionally Indian-born foreign nationals have faced a significant visa backlog. According to the U.S. Department of State's monthly Visa Bulletin, Plaintiff would have been eligible to apply for U.S. permanent residency in December 2020.

17. Plaintiff's spouse and children might have been eligible to do so sooner since they were born in Japan. However, to date, this last step of the process for procuring permanent residency has never yet been completed by the Plaintiff.

18. When he began working in the United States and for the time period relevant to his claims against Defendant, Plaintiff was working in Defendant's facility located at 4500 Gateway Blvd, Springfield, Ohio, 45502.

19. As represented in Defendant's L-1A and I-140 petitions, his official job title is Technical Manager of Production but his actual job title was General Plating Team Leader, per Teikuro's records. He last reported to Mr. Ito Masayoshi (COO) who is the current Chief Operating Officer in Defendant's Ohio plant.

20. Plaintiff tendered his resignation in early 2021 and is no longer employed by Defendant.

21. In this position, Plaintiff routinely worked over 40 hours per week.

22. Plaintiff's job duties include but are not limited to:

- Planning and scheduling electroplating process of general plating and performing them manually.
- Routine inspection of electric equipment such as cranes, rectifiers and tanks and pumps.
- Receiving and shipping inspection of the General plating parts.
- Arrange meeting for coworkers to give them instruction for daily job tasks.
- Performing and executing the daily jobs in order to meet the production schedule.
- Preparing the parts for plating process by cleaning, polishing, masking and setting them on the rack with anode for plating.
- Performing and showing the techniques of wire anode making to coworkers.
- Customized anode making by welding and assembling for sand and rubber molds.
- Training of the coworkers on inspecting of the plating process before electrification.
- Performing safe operations on electric equipment.

- After plating process, removal of the parts from rack and unmasking, cleaning and measuring them for further process.
- Implementation of new technology and defect counter measures.
- Quality inspection and wrapping of the parts before shipping them
- Reporting and documenting the defects to avoid further occurrences.
- Daily cleaning & mopping of the area and performing 4 S duties.

23. Plaintiff's job duties reveal that he is not subject to any exemption of the FLSA. Therefore, he is entitled to overtime for all hours worked over 40 hours per week.

24. Defendant misclassified Plaintiff as an exempt, salaried individual.

25. Though Plaintiff did have at least two direct reports, he could only witness in hiring and firing. He did not have final decision making power, nor could he hire or fire on his own. Therefore, the executive exemption does not apply to him.

26. The majority of Plaintiff's job duties are manual in nature. Plaintiff did not have any ability to exercise independent judgment when making decisions with respect to matters of significance. Therefore, the administrative exemption to the FLSA does not apply to him.

27. Plaintiff does not fall within the professional exemption, as his work did not require advanced knowledge in a field of science or learning and he does not have a degree in a field of science or learning resulting from a prolonged course of specialized intellectual instruction.

28. When Defendant filed its I-129 Petitions for a Nonimmigrant Worker to secure Plaintiff's L-1A visa status, including the 2018 L-1A visa extension, and later an I-140 Immigrant Petition for Alien Workers for Plaintiff's permanent resident status,

Defendant inflated Plaintiff's job duties to make it appear that he was a management employee. Plaintiff was told by representatives of Defendant that this was necessary in order to ensure the visa petitions were approved. Additionally, by inflating Plaintiff's job duties Defendant made sure that Plaintiff became exempt from the protections of the FLSA.

29. The application did not reflect what his actual job duties were in practice.

30. Plaintiff consistently worked over 40 hours per week and is entitled to overtime compensation.

## COUNT I
## FLSA – Unpaid Overtime

31. All of the preceding paragraphs are realleged as if fully rewritten herein.

32. This claim is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*.

33. At all times relevant herein, Plaintiff was misclassified as a salaried, exempt employee.

34. Plaintiff should have been classified as an hourly, non-exempt employee, as he does not fall within any exemption to the FLSA.

35. Plaintiff routinely worked in excess of forty hours per week throughout the time period relevant herein.

36. Plaintiff should have been paid the overtime premium for hours worked in excess of forty hours per week.

37. Defendants knew of the overtime payment requirement of the FLSA.

38. During the entire duration of Plaintiff's employment, Defendant knowingly and willfully failed to pay Plaintiff the overtime wages he was due.

39. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages in an amount not presently ascertainable. In addition, Plaintiff seeks liquidated damages, interest and attorneys' fees, and all other remedies available, as result of Defendants' willful failure and refusal to pay overtime wages in violations of Sections 6 and 7 of the Act (29 U.S.C. §§206-207).

## COUNT II
### O.R.C. 4111.03 – Unpaid Overtime

40. All of the preceding paragraphs are realleged as if fully rewritten herein.

41. This claim is brought under Ohio Law.

42. Defendant's repeated and knowing failure to pay overtime wages to Plaintiff was a violation of Section 4111.03 of the Ohio Revised Code.

43. For the Defendant's violations of O.R.C. 4111.03, Plaintiff is entitled to recover unpaid wages, interest, attorneys' fees, and all other remedies available under Ohio Law.

## COUNT III
### O.R.C. 4113.15– Unpaid Wages

44. All of the preceding paragraphs are realleged as if fully rewritten herein.

45. Defendant violated Ohio's Prompt Pay Statute by failing to pay Plaintiff's wages.

46. Defendant did not pay Plaintiff for all hours he spent working over 40 hours per week. Defendant owes Plaintiff unpaid wages for these hours.

47. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages not presently ascertainable. In addition,

Plaintiff seeks liquidated damages, interest and attorneys' fees, costs, and all other remedies available, as result of Defendant's conduct.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $250,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ Rachel Sabo Friedmann, Esq.
Rachel Sabo Friedmann (0089226)
Peter G. Friedmann (0089293)
(Rachel@TheFriedmannFirm.com)
(Pete@TheFriedmannFirm.com)
**The Friedmann Firm LLC**
1457 S. High Street
Columbus, Ohio 43207
(614) 610-9757: Phone
(614) 737-9812: Fax

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ Rachel Sabo Friedmann, Esq.
Rachel Sabo Friedmann  (0089226)

8